## ROSWELL R .KEITH *vs.* DANIEL TAYLOR.

WASHINGTON,<br>*March,*<br>1830.

In an action on promissory note purporting to have been witnessed, and the issue was whether E, whose name appeared on the note as a subscribing witness, had actually witnessed the note, the defendant will not be allowed to show that D, a former holder of the note, had forged another note with the name of E thereto as a subscribing witness, for the purpose of raising a presumption that D had also forged the note in question; such evidence not being relevant to the issue.

Neither is it relevant to the issue for the defendant to prove that D wrote the body of the note in suit; such fact having no tendency to prove that he also wrote the name of D as a subscribing witness.

Action of *assumpsit* on promissory note, dated Nov. 14, 1814, for forty dollars, payable to bearer in sixty days from date. Plea, *first,* the *general issue ; secondly,* in bar, " That the defendant had not at any time within six years next before the commencement of the action assumed," &c.—Replication, " That the defendant made and signed the note described in the declaration in the presence of one Obadiah Eaton, who subscribed his name thereto as a witness." Rejoinder, " That said note was not witnessed by said Eaton."*

At the trial in the county court, September term, 1829, TURNER, J. presiding, the plaintiff having introduced evidence tending to prove the execution of the note, the defendant's counsel gave in evidence certain answers of the present plaintiff, and Jacob F. Dodge, who formerly held said note, filed by them to a bill in chancery, then pending before the Supreme Court, in favor of the present defendant against the said Keith and Dodge, relating to the note in question. The defendant then introduced sundry witnesses whose evidence tended to prove that said Eaton, (who, it seems, had died since the date of the note,) had never witnessed the note ; and also witnesses whose testimony tended to prove that the defendant had not signed said note. The defendant then tendered evidence to prove that the said Dodge had forged a note against Moses Peck, with the name of said Eaton thereto as a subscribing witness, for about the same amount, and of the same date with the note in suit, in order to raise a presumption that Dodge had forged this note also. The plaintiff's counsel objected to this evidence, and it was rejected by the court. Then, to prove that Dodge wrote the name of O. Eaton as a witness to the note in suit, and also to falsify the answer of Dodge to said bill in chancery, the defendant attempted to prove that

---

\* In Vermont, a promissory note, having no subscribing witness, is barred by the statute of limitations in six years from the time it becomes due. If there be a subscribing witness, it is not barred within fourteen years.

U

WASHINGTON
March,
1830.

Keith
vs.
Taylor

Dodge wrote the body of the note in suit. 1. By offering evidence to show that the body of a certain other note, dated 15th Nov. 1815, for the sum of fifty dollars, payable to Dodge, or his order, on demand, with interest—signed by said *Taylor*, and witnessed by Oliver Perry—was in the hand writing of Dodge ; and to have the note go to the jury for them to compare the hand writing with the hand writing of the body of the note in suit. This evidence was objected to by the plaintiff, and excluded by the court. 2. By offering evidence to show that the body of the note in suit was in the hand writing of Dodge ; to which evidence the plaintiff objected, and the court excluded the same. The defendant gave evidence to the jury tending to prove, that ever since the date of the note in suit, Dodge had been a poor man, much pressed for money, and a considerable part of the time confined in jail for debt ; and during the whole time, *Taylor*, the defendant, was a man of property, able to pay the note on demand, and lived in the neighborhood of Dodge. The defendant also gave in evidence sundry names of O. Eaton, in his hand writing, for the jury to compare with his name as a witness to the note in suit ; also sundry names of *Taylor*, in his hand writing, for them to compare with his name to the note in suit, to ascertain whether *Taylor* signed the note, and Eaton witnessed it. And the plaintiff, to support the issue on his part, introduced witnesses, whose evidence tended to prove that O. Eaton witnessed said note, and testimony which tended to prove that *Taylor* signed it. The plaintiff also gave in evidence sundry names written by Eaton, for the jury to compare with his name as a witness to said note ; also sundry names written by *Taylor*, for the jury to compare with the name of *Taylor* as signer of the note.

The defendant requested the court to charge the jury as to the law as follows : 1. That if the jury found the note in suit was not originally given to the plaintiff, or bearer, then the plaintiff, inasmuch as he declared he was the original bearer, could not recover. 2. That if the jury found the note in question was executed to Jonathan Cady† or Jacob F. Dodge, as the original bearer, and the note was not endorsed by Cady or Dodge to entitle the plaintiff to said note, nor enable the defendant to set off any demand which he may have against Cady or Dodge, the plaintiff could not recover. 3. That if the jury found that the name of Obadiah Eaton to the note, as a witness, was not in the hand

† Dodge in his answer, before referred to, stated that the note was originally executed to Jonathan Cady, and by him transferred to Dodge.

writing of Eaton, and it did not appear that his name was written by any person authorized to write it, then the note was not witnessed, and a recovery was barred by the statute of limitations, and it was the duty of the jury to find for the defendant. 4. If the jury found that the name of *Daniel Taylor* was not in his hand writing, then it was the duty of the jury to find for the defendant. 5. That if the jury found the note was given *without consideration*, or *for an illegal consideration, or not due,* then it was their duty to find a verdict for the defendant.

WASHINGTON<br>*March,*<br>1830.<br>———<br>Keith<br>*vs.*<br>Taylor.

But the court, in substance, charged as follows : That there was no evidence to show that the note had ever been paid, or that it was given without consideration, or for an illegal consideration. It was not the duty of the jury to go into a field of conjecture as to these matters, but to confine their attention to the inquiry, 1. Whether *Daniel Taylor* signed the note ; and 2. whether O. Eaton witnessed it. If they found that *Taylor* signed the note, and Eaton witnessed it, then it was their duty to find for the plaintiff to recover the amount of the note and his costs. But if the jury found that *Taylor* did not sign the note ; or did sign it, and Eaton did not witness it, then it was their duty to find a verdict for the defendant. The jury returned a verdict for the plaintiff.

The defendant excepted to the decision of the court in rejecting the testimony offered, and also to the charge to the jury ; and a bill of exceptions being allowed, the cause was removed to this Court on a motion for a new trial.

After argument by *Mr. Baylies,* for the defendant, and *Mr. Upham,* for the plaintiff, the opinion of the Court was delivered by PADDOCK, J.—It appears that Jacob F. Dodge held the note in question, and that he parted with it to *Keith,* the present plaintiff ; and the points in issue were, whether *Taylor* ever signed the note, and if he did, whether O. Eaton ever subscribed his name to it as a witness. It was contended, however, by the defendant that there was no consideration given for the note. It appears that in the court below the defendant was permitted to give in evidence to the jury copies of the answer of *Keith* and *Dodge* to a bill in chancery filed against them by *Taylor,* and now pending ; and in connection with this evidence, and for the purpose of showing that Dodge wrote the name of O. Eaton as a witness to the note, and also to falsify the answer of Dodge to the said bill in chancery, the defendant offered a note in evidence other than the one now in controversy, dated the 15th day of Nov. 1815, for $50, payable

WASHINGTON to said Dodge, and signed by *Taylor*, and that the body of the
March,
1830. note last mentioned was in the hand writing of Dodge. This ev-
idence was excluded ; and the court are too well satisfied with

Keith
*vs.*
Taylor.
the decision to look after the reasons which induced it. The
defendant then offered evidence tending to prove that Dodge had
forged a note against one Moses Peck, with the name of O. Ea-
ton as a witness, for about the same sum and date with the one in
suit ; this testimony we think was very properly excluded. The
Court are also of opinion that if the body of the note in question
was in the hand writing of Dodge, it would not tend to determine
the issues which were joined, but was altogether irrelevant
thereto. It was perfectly immaterial who wrote the body of the
note. There were but two questions for the jury to determine ;
the one was whether *Taylor* signed the note, and the other
whether O. Eaton witnessed it. As to the instructions given the
jury by the county court, we are satisfied with them, and the
judgement must be affirmed.

Judgement affirmed,

*Upham*, for plaintiff.
*Baylies*, for defendant.